BENJAMIN D. SPRING, Respondent, v. ALBERT SHORT et al., Impleaded, etc., Appellants.

In an action to foreclose a mortgage, wherein certain judgment creditors of the mortgagor were made parties defendant, and answered averring fraud and want of consideration, plaintiff's evidence tended to show and the court found that the mortgage, with the accompanying bond, were executed to secure the purchase-price of the mortgaged premises, which had been conveyed by the mortgagee to the mortgagor about six months prior to the execution of the mortgage, and were so executed in pursuance of an oral agreement made at the time of such conveyance. It appeared that the judgments of said creditors were rendered after the execution and recording of the mortgage, but upon debts incurred prior thereto, and that credit was given without notice to the creditors or knowledge on their part of plaintiff's claim, and under a belief that the premises were unincumbered. *Held*, that a finding that the mortgage was a valid lien was justified; and that it was entitled to priority over the judgments.

The distinction pointed out between this case and one, where the right of a *bona fide* purchaser or judgment creditor who advanced money on the faith of an unincumbered title is asserted against an equitable or unrecorded lien of a vendor for purchase-money.

Prior to the entry and recording of said judgments, the mortgagor executed a valid general assignment of all his property for the benefit of creditors. *Held*, that said creditors were not in a position to attack the validity of the mortgage, as they had no lien upon the premises, and the assignee alone could make such an attack; that the creditors were not necessary parties to the action, and the fact that they were made so did not entitle them to interpose such a defense.

*It seems* that in a creditor's suit brought for the purpose of removing a fraudulent obstruction, plaintiff must show that the removal will enable his judgment to attach upon the property.

(Argued November 22, 1882; decided December 15, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Monday of June, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage executed by the defendant, George M. Spring, to the plaintiff, who is the father of the mortgagor.

The appellants are judgment creditors of the mortgagor. The defense set up by them is, that the mortgage was executed without consideration, with intent to defraud creditors. The mortgage, although dated 11th of April, 1872, was not executed until the 5th of October, 1876. It was recorded on the day of its execution. The premises covered by the mortgage had been conveyed by the plaintiff to his said son on the day on which the mortgage bears date, and the Special Term found that the consideration of the mortgage was the purchase-price of said premises; that the mortgage and the bond to which it was collateral were executed pursuant to an agreement made at the date of said conveyance that the same should be executed to secure the said purchase-price. Upon those facts the Special Term held that the bond and mortgage were valid as against the mortgagor and his judgment creditors, the appellants.

The judgments of the appellants were all recovered subsequent to the execution and recording of the mortgage, but upon debts which accrued prior thereto, the credits were given under the supposition that the title of the debtor was unincumbered. On the same day that the mortgage was executed the mortgagor executed a general assignment of all his property for the benefit of creditors.

The further material facts are stated in the opinion.

*Thomas M. Howell* for appellants. It was not necessary to establish the intent to defraud by direct proof. (*Lingke* v. *Wilkenson*, 57 N. Y. 449; *Van Wyck* v. *Seward*, 18 Wend. 395.) Equity gives great effect to the lapse of time, and discourages claims not promptly made, especially where there has been no personal disability or other impediment in the way of asserting them. (*Phillips* v. *Balden*, 2 Edw. Ch. 21.) The parol agreement by the son to give a mortgage is not a specific lien on the farm superior to the claims of the son's creditors. (*Goodtitle* v. *Morgan*, 1 Term R. 762; *Savage* v. *Foster*, 9 Mod. 37; *Kelly* v. *Scott*, 49 N. Y. 601; *Bayley* v. *Greenleaf*, 7 Wheat. 51; *Hulett* v. *Whipple*, 58 Barb. 227; *Fisk* v. *Pot-*

*ter,* 2 Abb. Ct. of App. Dec. 140.) A vendor cannot hold, for an unlimited time, a secret lien, and then set it up to the exclusion of *bona fide* creditors. (*Bayley* v. *Greenleaf,* 7 Wheat. 51; *Fisk* v. *Potter,* 2 Abb. Ct. of App. Dec. 140.) The assignee is not a *bona fide* purchaser or incumbrancer of the real estate. (*Dewey* v. *Moyer,* 72 N. Y. 78.) After conceding, as was done in effect by the General Term, that the lien of the appellants was superior to the secret unrecorded lien of the respondent, its next duty was to decide who were proper parties defendant to the suit to foreclose the mortgage. (*Knight* v. *Knight,* 3 Peere Williams, 333; Calvert on Parties in Equity, 3, 11; Barb. on Parties, 326; *Sherley* v. *Watts,* 3 Atkyns, 200; *Rolleston* v. *Morton,* 1 C. & L. 264; 2 Spence, 704.) The appellants were creditors before the assignment was made and judgment creditors before the notice of *lis pendens* was filed, and if they had not been made parties defendant, they could have applied to the court to be made parties. (*Bishop of Winchester* v. *Beavor,* 3 Vesey, Jr., 316.) All persons are to be made parties who are legally or equitably interested in the subject-matter and result of the suit. (2 Story's Eq. Jur., § 1526; Cooper's Pleading, chap. 1, § 2, p. 34.)

*William H. Smith* for respondent. A valid agreement to give a mortgage on real estate creates a specific lien, valid and effectual against all, except *bona fide* purchasers and mortgagees for value. Such mortgages have been repeatedly held valid against assignees in bankruptcy, and for the benefit of creditors. (*Burn* v. *Burn,* 3 Ves. Jr. 576; *Burdick* v. *Jackson,* 7 Hun, 488; *In re Howe,* 1 Paige, 124; *Kursted* v. *Avery,* 4 id. 9; *Dwight* v. *Newell,* 3 N. Y. 185; *Chase* v. *Peck,* 21 id. 581; *Robinson* v. *Williams,* 22 id. 380; *Moyer* v. *Hinman,* 13 id. 180; *Lanning* v. *Thompson,* 45 Barb. 309; *Cook* v. *Craft,* 60 id. 209; affirmed, 50 N. Y. 655; *Nat. Bk. of Norwalk* v. *Lanier,* 7 Hun, 627; *Hewitt* v. *Northrop,* 9 id. 546; *Stafford* v. *Van Rensselaer,* 9 Cow. 316; *Rockwell* v. *Hobby,* 2 Sandf. Ch. 15, note; 3 R. S. 2327, § 10; *Ryan* v. *Dox,* 34 N.

Y. 307; *Garson* v. *Greer*, 1 Johns. Ch. 308; *Warner* v. *Van Alstyne*, 3 Paige, 513, note; *Arnold* v. *Patrick*, 6 id. 310; *Hallock* v. *Smith*, 3 Barb. 267; *Lamberton* v. *Van Voorhis*, 15 Hun, 366; 1 Story's Com., § 64, q.; *Stowell* v. *Haskell*, 5 Lans. 386; *Hallet* v. *Whipple*, 58 Barb. 224; *Payne* v. *Wilson*, 74 N. Y. 348; *Matter of Howe*, 1 Paige, 125.) A bill, filed to remove a fraudulent obstruction, must show explicitly that its removal will enable the judgment to attach upon some property. (*Gerry* v. *Gerry*, 63 N. Y. 252; *Rich* v. *Manley*, 17 How. 34; *McElwain* v. *Willis*, 9 Wend. 558; *Brinkerhoff* v. *Brown*, 4 Johns. Ch. 675–6; *Payne* v. *Sheldon*, 63 Barb. 175; *Southard* v. *Benner*, 72 N. Y. 426; *Evans* v. *Hill*, 18 Hun, 464; *Fox* v. *Moyer*, 54 N. Y. 125; *Beck* v. *Burdett*, 1 Paige, 305; *Jones* v. *Green*, 1 Wall. 332.) The only person who can legally attack the mortgage in suit, as a fraudulent conveyance, is the assignee or some prior judgment creditor. (Laws of 1858, chap. 314.)

MILLER, J. Upon the trial the court found that the consideration of the bond and mortgage, which are the subject of this action, was the purchase-price of the mortgaged premises which were conveyed by the plaintiff to his son George M. Spring, by deed dated April 11, 1872, and that the same were made and executed in pursuance of an agreement made at the date of said deed that the same should be executed and delivered to secure the purchase-price of said real estate, and held that the mortgage was a valid lien upon the premises against the mortgagor and the appellants in this action. There was evidence on the trial to sustain this finding, although there are circumstances and facts which tend to show that such was not the consideration of the mortgage. It is proved that there was no such agreement in writing; that this understanding was not communicated by the plaintiff to any person outside of his own immediate family; that the mortgagor had occupied the premises for a number of years prior to the execution of the deed; that he continued to occupy them and use them as his own until after the mortgage had been executed, with the

consent and approval of the plaintiff ; and that the appellants had no notice or knowledge of the agreement or of plaintiff's claim, and that they trusted the mortgagor under a belief that the premises were owned by him and were free from incumbrance.   It also appears that when the mortgage was executed to the plaintiff he had knowledge of the fact that his son was embarrassed and that he took the mortgage with a view of having it recorded before the judgments of the appellants should be docketed against his son, and become liens on the land.    There was also evidence of declarations made by the plaintiff to different persons to the effect that he had made a gift of the premises to his son and that his son was responsible, but this testimony was contradicted by the plaintiff.

The testimony to which we have referred as well as the circumstances surrounding the case present a question of fact as to whether the mortgage was executed in good faith for a valid consideration or was fraudulent.    This it was the province of the court upon the trial to decide, and the court having found that the consideration was a valid one and in fact that the bond and mortgage were made to secure a lawful demand as hereinbefore stated, it cannot, we think, be fairly claimed that it was fraudulent and void by reason of a failure of consideration.    It is insisted, however, by the counsel for the appellants that even although the court has found an agreement which would uphold the mortgage, as between the parties to the same, yet the court should not have sanctioned the right of the vendor to hold for an unlimited length of time a secret lien and allow the plaintiff to set it up to the exclusion of *bona fide* creditors. The question as to the extent to which a secret, equitable and unrecorded lien of a vendor, for unpaid purchase-money of lands sold and conveyed by him, exists as against a judgment creditor after the lien is recorded, or other parties than the vendee, must depend upon the facts and circumstances of the particular case.    Such lien cannot exist generally against purchasers in good faith, under a conveyance of the legal estate, without notice, when the purchase-money has been paid. (See *Fisk* v. *Potter*, 2 Keyes, 64.)

The general rule stated applies more particularly to cases where it is sought to enforce an equitable lien for the purchase-money, which has never been put on record as against subsequent mortgagees or purchasers in good faith and for a valuable consideration. In such a case it is too clear to admit of any question that the rights of the person claiming such equitable lien should yield, by reason of his neglect, to the claims of subsequent incumbrancers or purchasers, and it may well be asserted that a prior claimant for the purchase-money under such circumstances has, by his silence or neglect, yielded his right. In the case at bar the appellants' judgments were not recorded prior to the making, execution and recording of the plaintiff's mortgage, and they, therefore, occupied entirely a different position. A distinction also exists as to a judgment creditor who advances his money upon the faith of an unincumbered title upon the record, without notice, who is entitled to the lien acquired thereby in preference to the secret unrecorded lien of a vendor for part of the purchase-money, and he is to be regarded as a *quasi purchaser* for a valuable consideration without notice. (See *Hulett* v. *Whipple*, 58 Barb. 224.) The appellants are clearly not within this rule. In the first place their judgments are on record subsequent to the record of the mortgage of the plaintiff, and besides they are not in the position of judgment creditors who have advanced money without notice on the faith of a good title; they are merely ordinary creditors who have contracted a debt with another, supposing that he was the owner of property unincumbered and had ability to pay. That they were mistaken in this respect does not entitle them to the rights of a party who advances money, within the rule stated. In relying upon the responsibility of the mortgagor it must be assumed that, as in the case with ordinary creditors, they took the chances of being mistaken, and unless a fraud has been committed by means of which the mortgagor's liability was created and the appellants defrauded, they occupy no other or no different position than ordinary creditors. The question as to the good faith of the mortgagor and the mortgagee in the transaction was the

subject of consideration upon the trial, and the court, in view of the fact that the mortgage was not executed and recorded until long after the execution and recording of the deed and all of the circumstances, having found that it was executed in pursuance of the previous agreement made at the date of the deed to secure the purchase-money, we think the appellants have no ground for claiming that it could be regarded as a secret lien which entitled their judgments to a priority. Considering the finding referred to there is no principle laid down in the reported cases which authorizes the appellants to take precedence over the mortgage of the plaintiff.

The opinion of the General Term in this case holds that the appellants are not in a position to attack the validity of the mortgage which is the subject of this action, for the reason that the mortgagor had, subsequently to the execution of the mortgage and before the appellants had docketed their judgments, being insolvent, executed a general assignment of all his property, including the mortgaged premises, in trust for the benefit of all his creditors ; that the good faith of the assignment not being questioned by the appellants as to them or between the parties thereto, it must be regarded as a valid conveyance of the premises so far as this action is concerned, and that the assignee, or the creditors he represents, are the only persons who have any right to question the validity of the mortgage. Upon this ground the judgment of the trial·court was affirmed.

We are unable to perceive how this position can be overcome. The appellants had no lien upon the premises, the assignment stands in their way and presents an insuperable difficulty to maintaining the defense sought to be interposed. They occupy the position of parties who have commenced an action in the nature of a creditor's bill to set aside a fraudulent conveyance, and whose action is founded and prosecuted upon the ground that if they succeed and the fraudulent conveyance is set aside they have liens, under the judgments, upon the property, which, if enforced, will enable them to collect their demands. In this case if the mortgage is declared to be invalid

the assignment still remains an obstacle, which prevents the appropriation of the property directly to the payment of their judgments.

The assignment constitutes a prior and a better title which is entitled to a preference, and, as it is not alleged to be fraudulent or invalid, the mortgage cannot be assailed in this action.

The rule is well settled that a creditor's bill filed for the purpose of removing a fraudulent obstruction must show that such removal will enable the judgment to attach upon the property. (*Geery* v. *Geery*, 63 N. Y. 252; *Southard* v. *Benner*, 72 id. 424.)

The appellants do not occupy any such position, and, as the case stands, the assignee is the only one who can legally attack the validity of the mortgage. The fact that the fund in the hands of the assignee may be increased for the payment of debts, by setting aside the mortgage, of itself confers no right on the appellants to maintain the defense sought to be interposed.

The appellants claim that the plaintiff having made them defendants, and called upon them to answer why the mortgage should not be foreclosed, they have the right to set up a defense to the validity of the same. This position we think does not entitle them to insist upon a defense which could not have been claimed by them if they had not been made and were not proper parties to the action. The judgments were not liens upon the mortgaged premises, and it is difficult to see upon what ground the appellants can be held to be necessary parties to the action. A perfect title could have been acquired upon a sale of the mortgaged premises by the decree of the court if they had not been made parties, and hence they were not necessarily such. They could not have applied to the court and obtained an order that they were proper parties to the action.

As they were made parties by mistake, and had no rights which were lawfully and properly a subject of adjudication

therein, they are not entitled to claim that they can interpose a defense which the law does not recognize or sanction.

There is no rule in equity or law which authorizes the bringing in of parties who have no inherent right to defend the action brought. If the mortgage was invalid it was the duty of the assignee, representing the creditors, to contest its validity. The fact that the appellants were made parties did not confer upon them a right which belonged to the assignee; if he failed to perform his duty the law furnished a remedy to the creditors to compel such performance, or to make him amenable for his neglect or misconduct. If the case required the filing of a creditor's bill and the assignee refused to institute such a suit upon request, the appellants would have been in a position to claim they had a right to maintain the action. Even although for the reasons last stated, the judgment cannot be upheld, then it should be affirmed upon all the facts in the case, which are sufficiently referred to in the discussion of the first ground we have considered.

The judgment should be affirmed.

All concur, except RAPALLO and EARL, JJ., dissenting. TRACY, J., absent.

Judgment affirmed.