J. MORRIS CHILDS AND ORLANDO J. CHILDS, RESPONDENTS, *v.* HORACE F. KENDALL, AS ASSIGNEE OF LORING BOYDEN AND GEORGE J. WELLS, APPELLANT, IMPLEADED WITH THOMAS N. JARVIS AND MILTON B. JARVIS.

*Judgment creditor — right of, to bring an action (after the making of a general assignment by his judgment debtor), to vacate a fraudulent mortgage given before the execution of such general assignment; the judgment having been recovered after the execution of the assignment.*

A judgment creditor cannot maintain an action to have a chattel mortgage executed by his debtor declared fraudulent and void, where the latter has executed, after the execution of the mortgage and before the recovery of the judgment, a general assignment for the benefit of his creditors.

*Spring* v. *Short* (90 N. Y., 538) followed; *Leonard* v. *Clinton* (26 Hun, 288) overruled.

APPEAL from a judgment, entered in Oneida county upon the decision of the Special Term, in favor of the plaintiffs, and from an order refusing to open the case and admit further evidence.

*Waters, McLennan & Dillaye*, for the appellant.

*Adams & Swan*, for the respondents.

HAIGHT, J.:

The plaintiffs are judgment creditors of the defendants Boyden and Wells. The decree adjudges two chattel mortgages executed by the defendants Boyden and Wells, to be fraudulent and void as against the plaintiffs, and directs that the assignee pay to the plaintiffs the amount of their judgment. Prior to the plaintiffs obtaining their judgment the defendants Boyden and Wells executed to the defendant Horace F. Kendall a general assignment of all their property for the benefit of creditors. No question is raised in reference to the validity of the assignment. The question presented is: Can a judgment creditor maintain an action to have an instrument declared fraudulent and void when a general assignment has been made for the benefit of creditors previous to the procuring of the judgment.

In the case of *Leonard* v. *Clinton* (reported 26 Hun, 288) it was held in the Third Department that the judgment creditor could maintain the action notwithstanding the fact that the debtor had made a general assignment. A different conclusion, however, was reached in this department in the case of *Spring* v. *Short* (12 Weekly Dig., 360). This latter case has recently been affirmed in the Court of Appeals (90 N. Y., 538, 544). The opinion upon this question says: " The opinion of the General Term, in this case, holds that the appellants are not in a position to attack the validity of the mortgage which is the subject of this action, for the reason that the mortgagor had, subsequently to the execution of the mortgage, and before the appellants had docketed their judgments, being insolvent, executed a general assignment of all his property including the mortgaged premises in trust for the benefit of all his creditors; that the good faith of the assignment not being questioned by the appellants, as to them or between the parties thereto

it must be regarded as a valid conveyance of the premises, so far as this action is concerned, and that the assignee or the creditors he represents are the only persons who have any right to question the validity of the mortgage. Upon this ground the judgment of the trial court was affirmed.

"We are unable to perceive how this position can be overcome. The appellants had no lien upon the premises. The assignment stands in their way and presents an insuperable difficulty to maintaining the defense sought to be interposed. They occupy the position of parties who have commenced an action in the nature of a creditor's bill to set aside a fraudulent conveyance, and whose action is founded and prosecuted upon the ground that if they succeed, and the fraudulent conveyance is set aside; they have liens under the judgments upon the property which, if enforced, will enable them to collect their demands. In this case if the mortgage is declared to be invalid, the assignment still remains an obstacle which prevents the appropriation of the property directly to the payment of their judgments. The assignment constitutes a prior and a better title which is entitled to a preference, and as it is not alleged to be fraudulent or invalid, the mortgage cannot be assailed in this action."

This authority appears to be in point and must dispose of the question presented.

Judgment reversed, and a new trial ordered, with costs to abide the event.

Appeal from order dismissed, without costs.

SMITH, P. J., and HARDIN, J., concurred.

So ordered.