JOSEPH S. LOWERY AND JAMES J. LOWERY, RESPONDENTS,. *v.* CALCINA B. CLINTON, ELLEN E. CLINTON, ANNIE B. CLINTON, FANNIE C. CLINTON AND ABBIE M. CLINTON, APPELLANTS.

*Fraudulent assignment of personal property — a creditor cannot set it aside, under a judgment recovered after a general assignment has been made.*

On or about June 1, 1878, the defendant Calcina assigned to her children certain policies of insurance upon the life of her husband, which had been taken out by him and thereafter assigned to her. In July, 1878, Calcina made a general assignment for the benefit of her creditors. She then was and ever since has been insolvent. The plaintiff having recovered a judgment against her which was docketed January 23, 1880, and having issued an execution thereon which was returned unsatisfied, brought this action against the wife and her children to have the assignment of the policies set aside as fraudulent and void.

*Held,* that the action could not be maintained.

That if the assignment to the children was set aside as fraudulent and void the general assignment would still be an obstacle to the enforcement of the plaintiff's claim.

*Spring* v. *Short* (90 N. Y., 538) followed ; *Leonard* v. *Clinton* (26 Hun, 288) not followed.

That if the assignment to the children was void the general assignee might maintain an action to set it aside.

That in any event the general assignee should have been made a party defendant.

APPEAL from a judgment of the Oneida Special Term, overruling a demurrer to the complaint.

*J. A. Lynes,* for Calcina B. Clinton and others, appellants.

*Carlton B. Pierce,* for Fannie C. Clinton and others, appellants.

*William Kernan,* for the respondents.

SMITH, P. J.:

The plaintiffs, as judgment creditors of the defendant Calcina B. Clinton, seek by this action to set aside as fraudulent against creditors, an instrument in writing, by which the said defendant assigned to her children, who are also made defendants herein, certain policies of insurance upon the life of William M. Clinton, the husband of said Calcina, which the said William had taken out, and had assigned in his lifetime to the said Calcina. The complaint alleges that the

assignment of the policies took place on or about the 1st day of June, 1878.

The plaintiffs' judgment was recovered and docketed on 23d January, 1880, and an execution was duly issued thereon and returned unsatisfied.

The complaint alleges that in July, 1878, the said Calcina being insolvent, made a general assigment of all her property to one William Lake for the benefit of her creditors, and that she has since remained and is now insolvent and unable to pay her debts. It also alleges that the said Calcina was insolvent at the time when she transferred said policies, and that the transfer thereof was made without consideration, with intent to hinder, delay and defraud her creditors, all which was well known to her said children.

The defendants demurred on the ground that Lake, the general assignee, should have been made a party defendant, and that the complaint does not state facts sufficient to constitute a cause of action.

The general assignment preceded the docketing of the plaintiffs' judgment, and its validity is not questioned in the complaint. We are to assume, therefore, for the purposes of this appeal that the assignment is a valid instrument as between the parties to it and as against the present plaintiffs. It follows that as the general assignment carries all the property of the assignor for the benefit of her creditors and she is still insolvent, the plaintiffs are not in a position to attack the validity of the transfer of the policies. If the transfer is declared to be void the general assignment still remains an obstacle in the way of applying the policies, or their proceeds, to the payment of the plaintiffs' judgments. These views seem to be supported by the case of *Spring* v. *Short* (90 N. Y., 538), decided in this department and affirmed by the Court of Appeals. To the same effect is *Childs* v. *Kendall* (17 N. Y. W. Dig., 546). As was said in *Spring* v. *Short*, "the rule is well settled that a creditor's bill filed for the purpose of removing a fraudulent obstruction must show that such removal will enable the judgment to attach upon the property." (*Geery* v. *Geery*, 63 N. Y., 252; *Southard* v. *Benner*, 72 id., 424.) The same principle was applied in *Smillie* v. *Quinn* (90 N. Y., 492) and cases cited by EARL, J. (p. 498).

We have said that the views above expressed seem to be supported

by Spring's case. They are so unless that case is distinguishable from this by the fact that there the property sought to be reached by the judgment creditor was real estate, while here it is personal property. But is not that a distinction without a difference? In neither case does the title of the general assignee or the lien of the judgment creditor attach until the fraudulent obstacle is removed, and when removed the prior legal title of the assignee is superior to the subsequent equitable lien of the creditor. The creditor by first commencing suit does not acquire a lien superior to that of the assignee as he would in the case of an earlier judgment creditor. As between creditors having merely equitable liens the diligent is preferred, but the legal title of the assignee to all the property of the assignor, whether it be personal or real, prevails over the subsequently acquired equitable liens of judgment creditors. If we are right in this a decree in this case setting aside the transfer of the policies would avail the plaintiffs nothing.

By statute (Laws 1858, chap. 314) the general assignee may maintain an action to set aside the fraudulent transfer. Should he refuse or unnecessarily neglect to do so, upon demand by any creditor interested in the assignment, it may be that such creditor would have the right to maintain an action (in behalf of himself and all others willing to join) to set aside the alleged fraudulent transfer, and compel a distribution of the proceeds of the property thus reached among the several creditors, according to their rights under the assignment. Or in case the assignment itself was executed with a fraudulent intent, such creditor might bring suit to set aside the assignment, as well as the prior transfer, as fraudulent; but in either case the general assignee would be a necessary party; and we think his absence in this case is fatal to the action, even if the complaint is sufficient in other respects.

In short, the assignment being fair and valid, the rights of creditors as distributees of the assigned property are fixed by it, and no creditor can, by any action of his own, acquire any preference over other creditors, or any greater or other rights in respect to the distribution of the property of the debtor, than he is entitled to under the assignment.

The respondent's counsel cites the case of *Leonard* v. *Clinton* (26 Hun, 288). With due respect for the learned court by which

that case was decided, we are not prepared to concur in it, for the reasons above stated, and we regard it as overruled in *Spring* v. *Short*.

The judgment and order overruling the demurrer should be reversed and judgment should be ordered sustaining the demurrer, with costs, and giving leave to the plaintiffs to amend in twenty days on payment of the costs of the demurrer and of the trial at Special Term and of this appeal.

HARDIN and BARKER, JJ., concurred.

Ordered accordingly.