MICHAEL SULLIVAN and JAMES O'NEIL, Plaintiffs, *v.* JAMES MILLER and THOMAS R. KNOX, Defendants.

*General assignment — effect of, on the rights of a creditor subsequently recovering a judgment to set aside a prior chattel mortgage, void as to him because not filed.*

On July 8, 1882, one Miller executed two chattel mortgages upon a quantity of book plates to secure the sum of $6,500, which were not filed until January 4, 1883, on which day Miller made a general assignment. One Ames, acting under and in the execution of the assignment, on March 15, 1884, applied for and obtained an order directing him to sell the plates covered by the mortgages, and to pay out of the proceeds the debts secured thereby. The petitioners, who had recovered a judgment against Miller on March 3, 1883, and issued two executions thereon, one of which still remained in the hands of the sheriff, applied to have the order amended, and to have the proceeds arising from the sale of book plates applied towards the payment of their judgment, on the ground that the mortgages were, as to them, void because not filed when given.

*Held,* that the application was properly denied.

That the mortgages, having been made in good faith, were valid and binding upon the mortgagor and Ames.

That, as the general assignment was made before the recovery of the judgment and the title to the mortgaged property was thereby vested in the assignee, the assigned property was not subject to levy or sale under executions issued under the judgment.

That the petitioners, having no lien upon the mortgaged property, sustained no such relation to the property as would permit them to maintain an action to set the mortgages aside as void.

*Semble,* that the assignee was not in a position to bring suit to set aside the mortgages, but that it did not for that reason follow that the petitioners could take proceedings to do so.

Appeal by Joseph L. Little and William J. Demorest from an order denying a motion to amend an order authorizing the sale of certain book plates and for the payment of a judgment recovered by the appellants against James Miller.

*James Marvin,* for the petitioners Little and Demorest, appellants.

*Thomas D. Robinson,* for Ames, the receiver, respondent.

Daniels, J.:

The judgment of the petitioners, who are the appellants in this case, was recovered on the 3d of March, 1883, for $2,281.30, and an execution was issued upon the judgment to the sheriff of the county

of New York on the same day, and that execution is still in the hands of the sheriff. Another was issued to the sheriff of the county of Westchester, which was returned unsatisfied, in the spring of 1883. Miller, the judgment debtor, executed two chattel mortgages upon a large quantity of book plates and wood cuts, to Alexander Masterton, to secure the sum of $6,500. These mortgages were executed on the 8th of July, 1882, but they were not filed, as that was required to be done by the statute, until the 4th of January, 1883. And for that reason the petitioners claimed in this proceeding that the mortgages were inoperative and void as against their judgment. But on the 4th day of January, 1883, Miller, the debtor, made a general assignment for the benefit of his creditors to Thomas R. Knox, who was afterwards removed as assignee, and John F. Ames was appointed receiver to execute the assignment, and under that appointment he has since continued to act in that capacity. On the 15th of March, 1884, on his application, and without notice to the petitioners, an order was made directing him to sell the plates included in the mortgages, and to pay out of the proceeds the debts secured thereby. Such a sale was made and out of the proceeds the receiver, conforming to the order, paid the debts secured by the mortgages. The petitioners alleged that this order operated injuriously upon their rights as judgment creditors, on the ground that the mortgages were, under the statute, void as to them, because of the omission to file them, as that was provided for by the statute. And one object of the motion was to relieve them from the effect of the directions contained in the order empowering the receiver to pay the debts secured by the mortgages. In support of this application the position was taken that the petitioners had the right to avoid these mortgages and have the proceeds of the mortgaged property applied to the payment of their judgment. And it was further claimed that the receiver, having proceeded in violation of their rights in this regard, had misappropriated these proceeds, and should, notwithstanding the payment made, be required to pay the judgment recovered in their favor.

To support these positions affidavits were presented stating that the receiver had been informed of the claim made on behalf of the petitioners, before proceedings were taken by him to obtain the

order for the sale of the property, and that on the 6th day of July, 1883, written notice of their claims was served upon him. The service of the written notice, however, was denied by him and an order was made directing a reference to take proof and report to the court whether the alleged service of this notice had been made. Upon that reference testimony was taken by the referee, upon which he determined that the service of the notice had not been proved, and the evidence which was given before him upon this subject presented the point as a question of fact to be determined by him. And as that determination was made upon a conflict of the evidence of the witnesses before him, not very decidedly preponderating either way, his conclusion cannot be set aside by the court.

During the progress of the hearing objections were taken to the exclusion of evidence, but it is not necessary to consider them for the reason that the evidence excluded was not within the order directing the reference. But while the service of this notice was not established to the satisfaction of the referee, it still did appear that before the application for the order permitting the sale of the plates was made, proceedings were had between the creditors and the receiver out of which he had acquired information apprising him of the nature of their claim. These proceedings consisted of motions to set aside a levy upon the plates under one of the executions, and to require the property to be delivered over to the possession of the receiver. The disposition of the motions did not depend upon any priority of right in favor of the creditors, but upon the irregularity of the levy after the property had passed under the custody of the receiver. The levy, for this reason, was set aside, as it very well could be, but in the motions made and heard, in the course of the proceedings, there is reasonable ground for believing, even from the evidence of the receiver himself, that he did understand the claim of priority which was made on behalf of the judgment creditors. At least as much as that was conceded by him in the course of his cross-examination before the referee.

But this understanding or notice does not entitle the petitioners to the relief for which they apply, for the assignment of the debtor's property was made by him before the recovery of the judgment of these creditors ; and it has not been insisted in their behalf that the

assignment was not made in good faith, or that it for any reason could be assailed or set aside as an invalid instrument. And as it was legally made it vested the assigned property, including that covered by the chattel mortgages, in the assignee. He, from that time, became its legal owner, and the same title upon his appointment vested in the receiver. The judgment debtors, therefore, had no such remaining interest in the assigned property as to permit the execution to become a lien upon it under section 1405 of the Code of Civil Procedure. Neither could they, for the same reason, levy upon or sell the assigned property. It was no longer liable to executions against the judgment debtor, but was vested in the assignee under the assignment subject to the execution of whatever trusts may have been created by that instrument. For that reason the judgment creditors sustained no such relation to the property included in the mortgages as would permit them to maintain an action to set aside the mortgages as void. For no judgment which could be recovered by them, in any view, would entitle them to take the assigned property from the assignee or the receiver and apply it to the payment of their debt. A point of this description was considered in *Spring* v. *Short* (90 N. Y., 538), and it was so disposed of by the opinion of the General Term, which seems to have secured the approbation of the Court of Appeals in the decision of the case. (Id., 544.) If the mortgages could have been set aside, the decision through which the result should be attained would do no more than so far advance and improve the title of the assignee. It would not, as long as the assignment was permitted to stand, allow the creditors to take the property, or to dispose of it, in violation of the terms of the assignment and appropriate its proceeds to the payment of their judgment. In the event of their success they would still be confined in their rights to come in under the assignment, and to take in payment of their debt whatever *pro rata* interest or share might be applicable by the terms of the assignment to that object.

It will not follow because the assignee or receiver could not maintain an action himself to set aside the mortgages under the authority of chapter 314 of the Laws of 1858, as he probably could not (*Southard* v. *Benner*, 72 N. Y., 424, 428), that these creditors could maintain a suit for that purpose under the facts appearing in

this case. For the disability still remains that through the intervention of such an action the petitioners would be incapable of securing any part of the proceeds of the property for the payment of their judgment, beyond whatever *pro rata* share they might be entitled to under the assignment. And being in this condition, it would be of no advantage to them to make the modification of the order directing the sale of the plates for which they have applied. Neither can an order be made directing the payment of their judgment by the receiver. He has proceeded as the legal situation of the parties required that to be done. The mortgages being made in good faith, were legal instruments as to the mortgagor, and the assignee and receiver claiming under him, and the order did no more, by directing payment of the mortgaged debt out of the proceeds of the sale of the plates, than the receiver was bound to do under his legal obligations in the proceedings.

The order from which the appeal has been taken was justified, and it should be affirmed, with the usual costs and disbursements.

BRADY, P. J., concurred.

Order affirmed, with ten dollars costs and disbursements.