JOHN F. DORTHY, AS JUDGMENT CREDITOR, AND JOHN GRAHAM, AS ASSIGNEE OF NEUDAHL & HOLWEDE, APPELLANTS, _v._ WILLIAM S. SERVIS, RESPONDENT, IMPLEADED, ETC.

_General assignment — the assignee cannot maintain an action, under chapter_ 314 _of_ 1858, _to set aside a chattel mortgage because of a failure to file it — nor can it be set aside by a creditor, recovering a judgment after the assignment was made._

This action was brought by a judgment creditor and the general assignee of the firm of Neudahl & Holwede to compel the defendants to account for and deliver over to the said assignee, for the benefit of the creditors of the assignors, certain goods and chattels seized and removed from the possession of the assignee, in January, 1887, by the defendant Servis, under a chattel mortgage given by the assignors, in November, 1883, to secure him for becoming, at that time, an accommodation indorser of the notes of the assignors. Pursuant to a request made by the mortgagors, at the time of its execution, the mortgage was not filed until November, 1886, about one month before the assignment was made. The referee found that the mortgage was given by the mortgagors and received by the mortgagee without any intention on the part of either of them to hinder, delay or defraud the creditors of the mortgagors.

_Held,_ that the assignee could not take advantage of the omission of the mortgagee to file his mortgage and claim that it should be set aside, in an action prosecuted by him for that purpose, under the provisions of chapter 314 of 1858.

_Niagara County Bank_ v. _Lord_ (33 Hun, 557); _Steward_ v. _Cole_ (43 id., 164) followed.

The other plaintiff became the owner, by purchase, of two separate claims of indebtedness against the firm, in January, 1887, upon which he commenced actions and recovered judgments, upon which executions were issued, one of which was returned unsatisfied the other being in the hands of the sheriff at the time this action was commenced.

_Held,_ that the act of the judgment debtors in disposing by the general assignment of all their title and interest in the property embraced in the chattel mortgage, prior to the recovery of the judgments, prevented the judgment creditor from maintaining this action.

_Sullivan_ v. _Miller_ (40 Hun, 516); _Spring_ v. _Short_ (90 N. Y. 538) followed.

That the fact that when the assignment was made the defendant Servis had a leviable interest in the property, as the debt secured was past due, while in the case of _Sullivan_ v. _Miller_ (_supra_) the debt had not matured at the time of the assignment, did not change the legal principle involved, as an equity of redemption remained in the mortgagors although the debt secured was past due.

APPEAL from a judgment entered upon the report of a referee, dismissing the plaintiff's complaint, with costs.

_George A. Carnhan,_ for the appellants.

_Shuart & Sutherland,_ for the respondent.

Barker, J. :

In November, 1883, Messrs. Neudahl & Holwede, executed and delivered to the defendant Servis, a chattel mortgage on certain articles of personal property of which they were then the owners, as a security to the mortgagee, who at that time became an accomodation indorser of their notes at their request. Afterwards, and in December, 1886, they conveyed all their property to the plaintiff, John Graham, in trust for the benefit of their creditors, which included the property previously mortgaged to the defendant Servis, which had remained in their possession up to that time. The mortgagors were florists doing business in the city of Rochester; and when the mortgage was executed they requested the mortgagee not to place the same on file as they intended to pay the notes out of the ensuing holiday trade. The mortgage was not filed until November, 1886, about one month before the assignment was made. The assignee took possession of the goods embraced in the assignment, including those covered by the mortgage to Servis, and remained in possession thereof until January, 1887, when Servis, without the consent of the assignee, seized and removed the mortgaged property and advertised the same for sale.

The complaint alleges that the delay in filing the chattel mortgage was intended to defraud the creditors of the mortgagors, and did hinder and delay them in the collection of their debts. No other ground is alleged in the complaint against the validity of the mortgage. The relief asked for in the complaint, in behalf of the assignee is, that the defendants be ordered to account for and deliver over to the said assignee, for the benefit of the creditors of the assignors, all of the goods and chattels so seized and removed by them, and to account for the moneys, if any, received from the sale of such property. The referee found, as a fact, that the said mortgage was given by the mortgagors, and received by the mortgagee, without any intention on the part of either of them to hinder, delay or defraud the creditors of the mortgagors.

In this finding we concur, and do not find the evidence presented by the plaintiffs in support of their contention such as to require a discussion of the question. In view of the character of the transaction and the small amount of the note indorsed by the mortgagee, it is difficult to discover a motive sufficient to induce the parties to

put on foot the chattel mortgage, intending that it should be colorable only as between themselves, and for the illegal purpose of hindering, cheating and defrauding the creditors of the mortgagors.

The assignee, as trustee of the property for the benefit of the creditors of the assignor, cannot take advantage of the omission of the mortgagee to file his mortgage, as required by the statute, and for that reason claim that the same should be set aside in a suit prosecuted by him for that purpose, under the provisions of the act of 1858, chapter 314. This question has been so recently considered in this court that it is only necessary to refer to the cases for the reason upon which the conclusion is founded. (*Niagara County Bank* v. *Lord*, 33 Hun, 557; *Steward* v. *Cole*, 43 id., 164.)

The assignee made no case for relief of any kind, and the complaint was properly dismissed as to him.

The case made by the plaintiff Dorthy is based upon an additional fact, and presents some different legal questions. The findings of the referee on the question of fraud, as alleged in the complaint, in the making and delivery of the chattel mortgage, is equally conclusive on the plaintiff Dorthy, as it depends upon the same state of facts; and if he is entitled to any relief, it must be upon other grounds.

In January, 1887, the plaintiff Dorthy became the owner, by purchase and assignment, of two separate and distinct claims of indebtedness against the firm of Neudahl and Holwede, upon which he commenced suits and recovered judgments — upon one claim for $175 and costs and upon the other for $333.47. Upon the first judgment execution had been issued and returned wholly unsatisfied at the time of the commencement of this action; and upon the last-named judgment execution was in the hands of the sheriff of Monroe county at that time. The indebtedness upon which the said judgments were recovered arose after the giving of the chattel mortgage, and before the same was filed.

The contention of the appellant Dorthy is, that as to him the chattel mortgage was absolutely void, for the reason that the same, or a true copy thereof, was not filed as required by the statute. The act of the judgment debtors in disposing of their title and interest in the property embraced in the chattel mortgage, prior to

the recovery of the judgment against them in favor of Dorthy, deprived him of the relief he seeks by the prosecution of this action. The assignee, from the time the assignment was executed and delivered, became the owner of the property, and of all the estate, legal or equitable, which the assignors had in the property at the time of the assignment. The judgment debtors had no such remaining interest in the assigned property as to permit the execution to become a lien thereon, and so long as the assignment remained in force none of the judgment creditors could levy upon or sell any of the assigned property. For these reasons the judgment creditors sustain no such relation to the property included in the mortgage as would permit them to maintain an action to set aside the mortgage as void. This question was distinctly presented and considered in *Sullivan* v. *Miller* (40 Hun, 516), which is an authority that we should follow in the disposition of this case, and as to the point now under consideration we fully concur in the opinion as reported. It was held, in *Spring* v. *Short* (90 N. Y., 538), that in a creditor's suit, brought for the purpose of removing a fraudulent obstruction to the collection of the debt out of the debtor's property, the plaintiff must show that the removal will enable his judgment to attach upon the property. As long as the property embraced in the mortgage remained in the possession of the mortgagors, although the debt secured thereby was past due and remained unpaid, they had the right of redemption on payment of the debt secured by the mortgage, and all the title and interest of the mortgagee would then terminate. This equity of redemption was transferred to the assignee, and if, in any proceedings instituted by any party, the mortgage should be declared to be null and void, the effect would be to enhance and enlarge the estate of the assignee. Dorthy was one of the creditors provided for in the assignment, and he had a right to demand payment of his debt out of the avails of the assigned property, as provided by the terms of that instrument. The assignee had the undoubted right to use the funds in his hands for the purpose of redeeming the property covered by the Servis mortgage, and thereupon a complete title thereto would have vested in him, as of the date of the assignment. In this manner the creditors of the assignors would realize the value of the mortgaged property after payment of the debt for which it was pledged when the assignment was made.

The point made by the learned counsel for Dorthy that his case may be distinguished from *Sullivan* v. *Miller* (*supra*), for the reason that, when the assignment was made, Servis, the mortgagee, had a leviable interest in the property, as the debt secured was past due, while in the case referred to the debt had not matured at the time the assignment was made, and the mortgagor continued to have a leviable interest in the property.

This circumstance does not change the legal principles involved, for the reason that an equity of redemption remained in the mortgagors, although the debt secured was past due. Servis remained a creditor of the assignors, and they had devoted all their property to the payment of their debts, including the one they owed Servis, and if the asssignee had paid the latter his debt in full out of the avails of the property, other than that embraced in the mortgage, it cannot be doubted but that the title to the property would have in equity become vested in the assignee. The act of Servis in taking the property from the possession of the assignee did not, in and of itself, terminate the interest of the assignee in the property, although the act of Servis in taking the same was lawful.

Judgment affirmed, with costs.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment affirmed, with costs