CHARLES LICHTENBERG, Appellant, *v.* ELIZABETH HERDTFELDER et al., Respondents.

An action, based upon a judgment, rendered against executors in their representative capacity, is not maintainable to set aside, as fraudulent against creditors, a conveyance of real estate made by the decedent. The judgment is not a lien upon the land and so it may not be sold under any execution issued thereon. (Code of Civ. Pro., §§ 1823, 1825, 1826.) The conveyance, therefore, is no obstruction to any lien the judgment creditor has, or to the enforcement of any execution issued upon his judgment.

*It seems* it is the duty of the executors in case of such fraudulent conveyance, where there are not assets sufficient to pay the debts, to reclaim the land for the benefit of all the creditors (Chap. 314, Laws of 1858), and no one creditor can appropriate it for his own benefit.

*It seems* also that if the executors refuse to commence an action, at the request of the creditors or some of them, they may be compelled so to do by order of the surrogate. (Code of Civ. Pro., § 2481.)

*It seems* also the fact that one of the executors is the fraudulent grantee furnishes no obstacle to such relief. If such grantee refuses to restore the land to the estate, he may be removed from his office and the remaining executors may proceed, or the others may commence the action making him defendant.

(Submitted June 24, 1886; decided October 5, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 22, 1884, which affirmed a judgment in favor of defendants, entered upon an order dismissing the complaint on trial. (Reported below, 33 Hun, 57.)

The complaint in this action shows the following facts : In 1873, George Herdtfelder, for the purpose of securing the payment of $4,000, with interest, executed and delivered to the plaintiff his bond, and, as collateral thereto, a mortgage upon real estate executed by himself, and the defendant Elizabeth, his wife. Subsequently, in the years 1874 and 1875, Herdtfelder and wife conveyed certain real estate by several deeds to the defendant Heinlein, and certain other real estate by several deeds to the defendent Kreuder, and subsequently in the life-time of Herdtfelder, the grantees, Heinlein and Kreuder, by several deeds, conveyed the same real estate to the defendant Elizabeth, all of which conveyances were without consideration, and made with intent to hinder, delay and defraud the creditors of George Herdtfelder. He died September 21, 1876, leaving a last will and testament, in which he nominated his wife and Frederick Fink and Charles T. Stephan as executors. The will was admitted to probate, and the three executors named duly qualified as such, and took upon themselves the duties of executors. Thereafter, in April, 1877, the plaintiff commenced an action to foreclose his mortgage, in which the executors and others were made defendants. There was a judgment of fore-closure and a sale, and a deficiency of $3,126.96, for which a judgment was entered and docketed against the executors. In September, 1878, the executors made their final account in the Surrogate's Court, in which the plaintiff's claim upon his judgment was admitted. The whole value of the estate in the hands of the executors was the sum of $528.45, which was wholly inadequate for the payment of the debts of the testator.

This action was commenced on the 29th day of January, 1879, against Elizabeth Herdtfelder, Heinlein and Kreuder, and the judgment prayed for in the complaint is that the several conveyances above mentioned be adjudged fraudulent and

void as to the plaintiff, and that a receiver be appointed to sell the real estate conveyed, or so much thereof as may be sufficient to satisfy the plaintiff's judgment.

The defendants Elizabeth and Heinlein appeared and answered, putting in issue the allegations of fraud. The defendant Kreuder did not answer.

*Frederic R. Coudert* and *Paul Fuller* for appellant. The creditors' judgment being against executors was a sufficient basis for the action without any execution. (*Adsit* v. *Butler*, 87 N. Y. 585; *Allyn* v. *Thurston*, 53 id. 622; *Estes* v. *Wilcox*, 67 id. 204; Code of Civ. Pro., §§ 1380, 1381; *Schmitz* v. *Langhaar*, 88 N. Y. 511–512; *Stewart* v. *Beale*, 7 Hun, 421.) The principle upon which the requirement of execution rests is that a court of equity will not perform the ordinary functions of a court of law, and that, therefore, the ordinary process and the available and usual remedies within the control of the creditor are to be exhausted. (*Estes* v. *Wilcox*, 67 N. Y. 266; *Ocean Nat. Bk.* v. *Olcott*, 46 id. 18, 21–22; *Southard* v. *Benner*, 72 id. 426.) Although the deficiency judgment did not create a lien on the property of the deceased, the filing of this bill in equity, and of the notice of *lis pendens*, did create such a lien. (*Ocean Nat. Bk.* v. *Olcott*, 46 N. Y. 19, 22; *Beck* v. *Burdett*, 1 Paige, 308; *Glacius* v. *Fogel*, 88 N. Y. 440; *Leonard* v. *Morris*, 9 Paige's Ch. 90; *Geery* v. *Geery*, 63 N. Y. 256; *Babcock* v. *Booth*, 2 Hill, 183.) Equity recognizes such an action as the present as virtually auxiliary to administration in the Surrogate's Court. (*Chipman* v. *Montgomery*, 63 N. Y. 335–6; *Schmitz* v. *Langhaar*, 88 id. 503.) No authority to sue was necessary. (*Eq. L. Ass. Society* v. *Stevens*, 63 N. Y. 344; *Scofield* v. *Doscher*, 72 id. 493; *Vanderbilt* v. *Schreyer*, 91 id. 396.) The action was properly brought by the creditor, and not by the executor, under chapter 314 of the Laws of 1858. (*Dewey* v. *Moyer*, 72 N. Y. 78; *Gardner* v. *Lansing*, 28 Hun, 416; *Fort S. Bk.* v. *Leggett*, 51 N. Y. 554; *Bate* v. *Graham*, 11 id. 242; *Everingham* v. *Vanderbilt*, 12 Hun, 75, 78.)

*Isaac Kugelman* for respondents.    The judgment set forth in the plaintiff's complaint is a part of a mortgage debt, and this action cannot be maintained without leave of the court in which the foreclosure action was pending.    (Code, § 1628; 2 R. S. 199, § 153; *Schofield* v. *Doscher,* 72 N. Y. 491.)    A judgment against executors or administrators of a deceased party is not binding upon, nor does it in any way affect the real estate of the decedent, nor can such real estate be sold by virtue of any execution issued upon such judgment.    (2 R. S. [6th ed.] 733, § 12; Code of Civ. Pro., § 1823; *Osgood* v. *Man. Co.,* 3 Cow. 612; *Sparks* v. *Davis,* 8 id. 133; *Baker* v. *Kingsland,* 10 id. 366, 368.)    Until the creditor has obtained a judgment at law for his demand against the debtor, and the return of an execution unsatisfied, an action in equity cannot be maintained to set aside conveyances as fraudulent and void.    (*Dunleavy* v. *Talmadge,* 32 N. Y. 457; *Beardsley Scythe Co.* v. *Foster,* 36 id. 561; *Allyn* v. *Thurston,* 53 id. 622; *Esler* v. *Wilcox,* 67 id. 264; *Adee* v. *Bigler,* 81 id. 349; *Miller* v. *Miller,* 7 Hun, 208; *Adsit* v. *Landfeld,* 23 id. 45; *Adsit* v. *Butler,* 87 N. Y. 585; *Chaut. Co. Bk.* v. *Risley,* 19 id. 369; *Bergen* v. *Carman,* 79 id. 146.)    As against Mrs. Herdtfelder, the grantee in the conveyance sought to be set aside, and the children of George Herdtfelder, the plaintiffs are only contract, not judgment creditors.    (Laws of 1837, chap. 460, § 72; Laws of 1843, chap. 172; *Sharpe* v. *Freeman,* 45 N. Y. 802.)

EARL, J.    It appears from the opinion of the judge who presided at the Special Term that he gave judgment against the plaintiff for the reason that he had not obtained leave to sue under section 1628 of the Code.    At the General Term, as appears from the opinion there pronounced, the judgment was affirmed because no execution had been issued upon plaintiff's judgment.

We think this action is without precedent, and that the judgment should be affirmed, but not for the precise reasons stated in the courts below.

Plaintiff's judgment, obtained subsequently to the death of the testator, in an action against his executors in their representative capacity, did not become a lien upon any real estate left by him, and no execution could be issued thereon against any real estate.   It was provided in the Revised Statutes (2 R. S. 449, § 12) that "the real estate which belonged to any deceased person shall not be bound or in any way affected by any judgment against his executors or administrators, nor shall it be liable to be sold by virtue of any execution issued upon such judgment;" and subsequently the same provisions were incorporated in the Code.   (§ 1823.)   Executions authorized by 2 Revised Statutes 88, section 32, and by the Code, sections 1825 and 1826, are such only as can be issued against personal assets. which are in the possession or under the control of the executors or administrators, and have no relation whatever to real estate.

The conveyances, therefore, which the plaintiff seeks to set aside are no obstruction to any lien he may have or to the enforcement of any execution which he may be able to issue.   If the conveyances should be set aside, he would not be able to sell the real estate by virtue of his judgment or any execution issued thereon, and hence this is a case where he is not entitled to the equitable relief which he seeks.   (*Spring* v. *Short*, 90 N. Y. 538.)   If the plaintiff could obtain the judgment which he seeks, it would result that, without having any lien upon the real estate, he would obtain satisfaction of his claim in preference to the other creditors of the testator.   The law gives no preference to a vigilant creditor in the estate of a decedent.   It impounds his estate for the benefit of his creditors, and no creditor can, by any procedure or any degree of vigilance, obtain any preference over others.   This scheme of the law would be violated if such an action as this could succeed.

The lands, although conveyed by the testator in his life-time, were assets which could be appropriated for the payment of his debts.   (Chap. 314, Laws of 1858.)   If the facts stated in the complaint are true, it is the duty of the executors to pursue the real estate and reclaim it for the benefit of the persons

interested in the estate of the testator, and no one creditor can appropriate it for his sole benefit. (*Southard* v. *Benner*, 72 N. Y. 424; *Spring* v. *Short, supra*; *Crouse* v. *Frothingham*, 97 id. 105.)

The fact that the fraudulent grantee is one of the executors furnishes no insurmountable obstacle. If she should refuse to restore the lands to the estate, she could be removed from her office of executrix, and then the remaining two executors could, under the act of 1858, disaffirm the conveyances of the real estate and bring an action to set them aside. Or the two executors could commence the action making the executrix a defendant, and in such an action obtain for the estate the relief demanded. If the two defendants refused to commence the action upon the application of the creditors or some of them, they could be compelled to commence it by an order of the surrogate who has ample power to that end under section 2481 of the Code. Here it does not appear that any application was made to the surrogate, or to the two executors, and there is no reason whatever for not pursuing the orderly method pointed out by the statute for reclamation of this real estate and its sale for the payment of the debts of the testator.

We are, therefore, of opinion that there is no basis for the maintenance of this action and that the judgment should be affirmed, but without costs.

All concur, except MILLER, J., absent.

Judgment affirmed.