NATIONAL BANK OF WEST TROY *v.* LEVY *et al.*

(*Supreme Court, General Term, Third Department.* July 2, 1888.)

FRAUDULENT CONVEYANCES—ACTIONS TO SET ASIDE—ADMINISTRATORS.

    A creditor having a judgment against the administratrix, upon which no execution has issued, cannot maintain an action to set aside as fraudulent a mortgage executed by the intestate conveying land in a county in which his judgment was not rendered or docketed, though the administratrix refuses to bring such action. .

Appeal from judgment on report of referee.

The National Bank of West Troy brought an action against Margaret Levy, executrix, etc., of Bernard Levy, and Catharine Ryan, administratrix of the estate of Michael Ryan, to set aside a mortgage executed by Ryan to Levy, as being in fraud of the rights of creditors. In accordance with the report of the referee, judgment was rendered in favor of plaintiff, and defendants appealed.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*N. C. Moak,* for appellants.     *E. L. Fursman,* for respondent.

INGALLS, J. This action was brought by the plaintiff in its own behalf, and as well on behalf of all the other creditors of the estate of Michael Ryan, deceased, similarly situated with the plaintiff, who might choose to come in and contribute to the expense of the prosecution of the action, and avail themselves of the benefits of the same. The purpose of the action was to have declared fraudulent and void a mortgage purporting to have been executed by said Patrick Ryan, of West Troy, in the county of Albany, to said Bernard Levy, to secure the payment of $5,000, which mortgage was dated May 11, 1872, and recorded in the clerk's office of Albany county, May 23, 1877, in Liber 265 of Mortgages, p. 463, etc. The mortgage embraced certain lands situated in the said village of West Troy. The mortgagor and mortgagee were both dead at the time of the commencement of this action. The plaintiff commenced, and prosecuted to judgment, an action against the said Catharine Ryan, as administratrix of Patrick Ryan, deceased, upon certain promissory notes executed by said Patrick Ryan, which were held and owned by the plaintiff. Judgment was rendered in favor of the plaintiff against the said Catharine Ryan, as administratrix, for $3,126.19 damages, and $217.24 costs, December 3, 1877, and entered in the county of Rensselaer, but was not docketed in the county of Albany, where the premises described in mortgage were situated. No execution was issued and returned in any form previous to the commencement of this action. The prayer for relief, as stated in the complaint herein, is as follows: "Wherefore this plaintiff demands judgment herein that the said mortgage be adjudged and declared fraudulent and void, and that the same be canceled and discharged of record, and that the said defendant Bernard Levy be directed and decreed to execute, duly acknowledge, and deliver to this plaintiff a proper satisfaction of the said mort-

gage, and authorize and empower the clerk of the said county to satisfy and discharge the same of record; that the said real estate be adjudged to be sold, and the proceeds arising from such sale be applied to the payment of the unsecured debts of the estate of the said Michael Ryan, deceased, including the said debt and judgment of this plaintiff, and the costs and expenses of this action, so far as the same may be required for that purpose; and that the balance of the proceeds of said sale be disposed of according to law; and that this plaintiff may have such other and further relief and judgment in the premises as may be just."

The plaintiff, through its counsel, "requested the defendant Catharine Ryan, as the administratrix of Michael Ryan, deceased, to institute an action, at the plaintiff's expense, to set aside the said mortgage as fraudulent and void as against the judgment of the plaintiff, which she refused to do, and she also declined to allow an action to be commenced and prosecuted in her name by the plaintiff for that purpose. Immediately after the opening of the case by the plaintiff's counsel before the referee, the defendants' counsel made a motion to dismiss the complaint upon the following grounds: "*First.* The complaint shows no cause of action against the defendants, or either of them. *Second.* The complaint does not show that any execution has been issued on the alleged judgment against defendant Catharine Ryan, as administratrix, or that any such execution has been returned wholly or in part unsatisfied. *Third.* The complaint does not show the recovery of any judgment against Michael Ryan, or that any execution has been issued thereon, and returned wholly or in part unsatisfied. *Fourth.* The heirs of Michael Ryan are not made parties defendant herein. Motion denied, and defendant Levy excepts." The motion, upon the same grounds, was renewed by the defendants' counsel at the conclusion of the evidence, and was again denied. The referee, upon the facts stated in his report, found and decided as conclusion of law as follows: "(1) That said alleged mortgage is void; (2) that the plaintiff is entitled to a judgment that said alleged mortgage is void and of no effect, and directing that the same be canceled and discharged of record." Judgment was accordingly entered by the plaintiff. We have reached the conclusion that the complaint should have been dismissed by the referee upon the ground that no judgment had been entered or docketed in the county of Albany, where the real estate is situated, and no execution has been issued and returned upon any judgment against the said Michael Ryan in his life-time, or against the said Catharine Ryan, as administratrix or otherwise, previous to the commencement of this action. Such defect in the plaintiff's case we deem fatal to the recovery herein. This question was substantially covered by the decision of this court at the last May term, in the case of *Harvey* v. *McDonnell,* 1 N. Y. Supp. 83. Reference is also made to the following cases: *Adsit* v. *Butler,* 87 N. Y. 585; *Estes* v. *Wilcox,* 67 N. Y. 264; *Sullivan* v. *Miller,* 106 N. Y. 635, 13 N. E. Rep. 772; *Bank* v. *Wetmore,* 42 Hun, 359; *Adee* v. *Bigler,* 81 N. Y. 349; *Andrew* v. *Vanderbilt,* 37 Hun, 469. The statute of 1858, c. 314, does not in terms aid the plaintiff's case, as it does not authorize the commencement of such an action by any person other than those specified in such statute. Nor do we think it was intended to authorize a creditor at large to prosecute such an action, even though the persons named therein should refuse to institute the same upon request. The case of *Lichtenberg* v. *Herdtfelder,* 103 N. Y. 302, 8 N. E. Rep. 526, applies with force upon the case at bar, and adversely to right of the plaintiff to maintain this action. The reasoning of Judge EARL in that respect cannot be regarded as *obiter,* as is suggested by the learned counsel for the plaintiff. The judgment must be reversed, and a new trial ordered, and the order of reference discharged, with costs to abide the event.

LANDON, J., concurs.

LEARNED, P. J., (*concurring*.) It seems to me that, in addition to what is above said by my Brother INGALLS, there is another consideration. The question in this case was not whether or not a mortgage executed by Michael Ryan was fraudulent as against his creditors. It was whether or not Michael Ryan ever executed the mortgage; that is, the question was whether the mortgage was not a forgery. The complaint charged that the mortgage was a forgery. The referee so found. Now, a forged mortgage is no mortgage. It is not an act of the mortgagor fraudulent as to his creditors, but it is not his act at all. Therefore the estate of Michael Ryan (assuming the mortgage to be forged) descended to his heirs, or went to his devisees, just as if there were no such apparent mortgage on record. Creditors of Michael Ryan must seek their relief against this land just as if no mortgage had ever been executed; for, as they claim and as the referee found, no mortgage ever was executed by Michael. There is nothing to be set aside as fraudulent as against creditors. If it had been a mortgage of Michael fraudulent as to creditors, it would have been good as to his heirs and devisees. As it was not a mortgage of Michael, it does not affect his heirs or devisees. The creditors, then, must seek their remedy as they would against any land of a deceased debtor descended to heirs, or devised to devisees, as the case might be. I do not say that one who has title to the land may not have a forged mortgage canceled as an apparent cloud. I only say that creditors of the deceased cannot proceed as if the forged mortgage were a genuine mortgage, only fraudulent as to them. Thus, if a judgment creditor, during Michael's life, had brought an action to set aside this mortgage as fraudulent as against creditors, Michael's answer would have been, "I never executed any such mortgage;" and that, if true, would have a complete answer to the action. So, too, if the pretended mortgage was a forgery, the act of 1858 would not apply, because the false instrument would not be an act done or transfer made in fraud of a creditor. Those words have a well-known meaning, and refer to acts done and transfer made by a debtor.