Elmer T. Harvey, who Sues, etc., Appellant, *v.* Lucy McDonnell, Administratrix, etc., et al., Respondents.

Where administrators, upon application of a creditor of their intestate, refuse to exercise the power conferred upon them by the act of 1858 (§ 1, chap. 314, Laws of 1858), to disaffirm a transfer made by said intestate to one of the administrators in fraud of the rights of creditors and to reclaim the property fraudulently conveyed, and where the estate in the hands of the administrators proves insufficient to pay the debts, the creditor may bring an action for his own benefit and that of the other creditors to reclaim the property, making all the administrators parties.

It is not essential that the plaintiff in such an action should be a judgment creditor; he stands simply as trustee in place of the administrators.

*Lichtenberg* v. *Herdtfelder* (103 N. Y. 302) distinguished.

*Harvey* v. *McDonnell* (48 Hun, 409) reversed.

(Argued April 18, 1889; decided June 4, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made the first Tuesday of May, 1888, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial.

The nature of the action and the material facts are stated in the opinion.

*Edward F. Bullard* for appellant. The administrators could maintain an action to set aside this deed for the benefit of all creditors, whether they held a judgment or not. (*Southard* v. *Benner*, 72 N. Y. 424; *Potts* v. *Hart*, 99 id. 168; *Barton* v. *Hosmer*, 24 Hun, 467.) The defendants having neglected to perform their duties as trustees upon request, the plaintiff, as a general creditor, had a right to put them in motion by bringing this action. (*Bate* v. *Graham*, 1 Kern. 237; *Bates* v. *Bradley*, 24 Hun, 84; *McCartney* v. *Bostwick*, 32 N. Y. 57; *Raynor* v. *Gordon*, 23 Hun, 264; *Fleiss* v. *Buckley*, 90 N. Y. 287; *Platt* v. *Platt*, 105 id. 488; *Johnson* v. *Waters*, 111 U. S. 640, 671; *Weed* v. *Hornby*, 35 Hun, 581; *Dewey* v. *Moyer*, 72 N. Y. 90; *Overton* v. *Village of Olean*, 37 Hun, 49; 3 Pomeroy's Eq. § 1095;

*Randall* v. *Dyett,* 38 Hun, 347, 349; *Chadwick* v. *Burrows,* 42 id. 44; *Jones* v. *Jones,* 4 N. Y. S. R. 141; *Crouse* v. *Frothingham,* 97 N. Y. 114; *Lichtenberg* v. *Herdtfelder,* 103 id. 302, 307; *U. P. R. R. Co.* v. *Dull,* 124 U. S. 172; *In re Cornell,* 110 N. Y. 316; *Platt* v. *Platt,* 2 T. & C. 25.) Equity will give relief where there is no other remedy. (*Clute* v. *Emmerich,* 99 N. Y. 346; *Perry* v. *Bd. of Missions,* 102 id. 99.) Debts are an equitable lien upon property fraudulently transferred. Every debtor is a trustee for his creditor. (*O. N. Bk.* v. *Olcott,* 46 N. Y. 17; *Dewey* v. *Moyer,* 71 id. 70, 76.)

*Nathaniel C. Moak* for respondents. A creditor who has no lien upon property he is seeking to reach, and is not seeking to remove a fraudulent obstruction to the enforcement of that lien, must be a judgment-creditor with an execution returned *nulla bona.* (Code of Civ. Pro. §§ 1371, 1823, 1825, 1826, 1871, 1872; *Adsit* v. *Butler,* 87 N. Y. 585, 590; *Estes* v. *Wilcox,* 67 id. 264; *Allyn* v. *Thurston,* 53 id. 622; *Geerey* v. *Geerey,* 63 id. 252, 255–257; *Crippen* v. *Hudson,* 13 id. 161; *Voorhies* v. *Howard,* 4 Abb. Ct. App. Dec. 504; *Beardsley* v. *Foster,* 36 N. Y. 561, 563, 565; *Foster* v. *Waller,* 25 id. 434; *Sullivan* v. *Miller,* 106 id. 635, 636, 641–643; 11 N. Y. State Rep. 312; *Lichtenberg* v. *Herdtfelder,* 103 N. Y. 302; 33 Hun, 57; *Taylor* v. *Boker,* 111 U. S. 110, 115, 116; *Jones* v. *Green,* 1 Wall. 330–332; *National, etc.,* v. *Wetmore,* 42 Hun, 359, 362; *Andrew* v. *Vanderbilt,* 37 id. 468–472; *Bowe* v. *Arnold,* 18 Week. Dig. 326; 31 Hun, 256; *Gardner* v. *Lansing,* 28 id. 415; *Genesee River, etc.,* v. *Mead,* 13 Week. Dig. 356; 18 Hun, 303; 25 id. 310; *Kerr* v. *Dildine,* 26 Week. Dig. 70; 43 Hun, 635; *Jacobstein* v. *Abrams,* 41 id. 272; *Briggs* v. *Van Buren,* 19 Week. Dig. 216; 32 Hun, 640; *Albany City, etc.,* v. *Gaynor,* 67 How. 421; *Throop Grain, etc.,* v. *Smith,* 110 N. Y. 83, 87; 26 Week. Dig. 72; *Burnett* v. *Gould,* 27 Hun, 366, 368, 369; *Eastern Nat. Bk.* v. *Buffalo, etc.,* 48 id. 557, 560; *Levy* v. *Nat. Bk.,* 17 N. Y. State Rep. 529, 531; *Adel* v. *Bigler,* 81 N. Y. 349; *Webster* v.

*Clark*, 25 Me. 313, 314, 316; *Gould* v. *C. C. Bk.*, 86 N. Y. 75, 83, 84; 99 id. 333; *Reubens* v. *Joel*, 13 id. 488; *Goulet* v. *Asseler*, 22 id. 225; *Royer Wheel Co.* v. *Fielding*, 31 Hun, 274–279; *Brinckerhoff* v. *Brown*, 4 Johns. Ch. 674; *Shaw* v. *Dwight*, 27 N. Y. 244; *Loomis* v. *Tifft*, 16 Barb. 641.) The want of an averment of the proper issuing and return of an execution cannot be supplied by an allegation of a total want of property. (*Crippen* v. *Hudson*, 13 N. Y. 165; *Estes* v. *Wilcox*, 67 id. 264, 266, 267; 87 id. 589; *McElwain* v. *Yardley*, 9 Wend. 548; *Beardsley Scythe Co.* v. *Foster*, 36 N. Y. 563–565; *Dunlevy* v. *Tallmadge*, 32 id. 459–461; *Adsit* v. *Butler*, 87 id. 585, 587–590; *Gardner* v. *Lansing*, 28 Hun, 415, 416; *N. T. Bk.* v. *Wetmore*, 42 id. 359, 362, 363; *Allyn* v. *Thurston*, 53 N. Y. 622; *O. N. Bk.* v. *Olcott*, 46 id. 12; *Loomis* v. *Tifft*, 16 Barb. 541; *Spicer* v. *Ayers*, 2 T. & C. 624; *Geerey* v. *Geerey*, 63 N. Y. 252; *Evans* v. *Hill*, 18 Hun, 464; *Adsit* v. *Sanford*, 23 id. 45; 87 N. Y. 585; *Lichtenberg* v. *Herdtfelder*, 103 id. 302; 33 Hun, 57, 59; *Royer Car Wheel Co.* v. *Fielding*, 31 id. 274; *Bowe* v. *Arnold*, Id. 256; *Andrew* v. *Vanderbilt*, 37 id. 468, 471; *Southard* v. *Benner*, 72 N. Y. 424; *Crouse* v. *Frothingham*, 97 id. 105.) Nor can plaintiff sustain this suit under the act of 1858 (Chap. 314). It simply authorized and gave "any executor, administrator, receiver, assignee or other trustee of an estate, or the property and effects of an insolvent estate, corporation, association, partnership or individual" power to sue in cases where it was previously doubtful whether they could maintain an action. (*Hyde* v. *Lynde*, 4 N. Y. 387; *Kennedy* v. *Thorp*, 51 id. 174; *Gardner* v. *Lansing*, 28 Hun, 416; *Southard* v. *Benner*, 72 N. Y. 42; *Lichtenberg* v. *Herdtfelder*, 103 id. 306, 307; *In re Kellogg*, 39 Hun, 275; *Geerey* v. *Geerey*, 63 N. Y. 252, 256; *Adsit* v. *Butler*, 87 id. 585; *Estes* v. *Wilcox*, 67 id. 264, *O. N. Bk.* v. *Olcott*, 46 id. 12, 22; 104 id. 648; *Harvey* v. *McDonnell*, 48 Hun, 409, 411–414; *National Bk.* v. *Levy*, 17 N. Y. State Rep. 529, 532; *Genesee, etc.*, v. *Mead*, 18 Hun, 363; *Barton* v. *Hosner*, 24 id. 467; 72 N. Y. 427; *Phelps* v. *Platt*, 50 Barb. 430, 431; *Dewey* v.

*Moyer*, 72 N. Y. 70; 103 U. S. 301; 9 Hun, 473; *Bate* v. *Graham*, 11 N. Y. 237, 240; *Potts* v. *Hart*, 99 id. 168.)

DANFORTH, J. The complaint shows the plaintiff Harvey to be a creditor of the decedent, John McDonnell, by virtue of certain contract obligations, to the amount of $2,000 and upwards, and that upon the death of McDonnell the defend- ants were appointed his administrators. They recognized the validity of his claims and paid dividends thereon from the proceeds of the land sold by order of the surrogate. The property coming to their hands as such representatives has been exhausted and there still remains due the plaintiff the balance above referred to. The complaint further states that, shortly before his death, the decedent, to defraud his creditors, caused a certain other portion of his land to be con- veyed without consideration to Lucy McDonnell, his wife, and that she retains it and also some personal property which she claims to be her own. The plaintiff has requested the defendants to take proceedings to set aside these trans- fers, and they have declined to do so. He therefore brings this action in behalf of himself and all other creditors of the decedent against Lucy McDonnell, individually and as administratrix, and against the other defendant as adminis- trator of John McDonnell. He asks that the fraudulent conveyances be canceled, that an account be rendered by the defendant Lucy, a receiver appointed, and a distribution made of such moneys as may come to his hands among the creditors of the intestate. The defendants answered jointly, setting up, in substance, a general denial and also the statute of limita- tions. No objection was taken by answer to the sufficiency of the complaint, but, on the trial, upon motion of the defendants' counsel, it was dismissed upon the sole ground that the plaintiff was not a judgment-creditor. The cases cited by the learned counsel for the respondents afford many instances where the right of a creditor to proceed in equity against the property of his debtor has been denied by reason

of his failure to exhibit a judgment and execution. They show the rule to be well settled that a creditor at large, or a simple contract creditor, must sue at law, establish his debt and then exhaust, by such proceeding as the law allows, the real estate on which the judgment is a lien, and the personal property liable to execution, before he proceeds against property which is not subject to either judgment or execution. The plaintiff has done neither, and he is a contract creditor of the decedent, John McDonnell. But this is not all. He is a claimant against the estate, his claim has been allowed, and the representatives of McDonnell have exhausted the property which has come to their hands, both real and personal, by applying it upon the debts of the intestate, and, among others, the plaintiff's claim. It is not wholly satisfied, and the plaintiff points out other property once, confessedly, belonging to the decedent, but, as alleged by the plaintiff, conveyed away in fraud of the rights of creditors. He has asked the defendants, as administrators of McDonnell, to pursue it and set aside the fraudulent conveyances. If the allegation is true, they might do so, and it would then be their duty to apply the proceeds in the due course of administration. The plaintiff would receive his share, not by virtue of his own action, but because of the character which the administrators bear in relation to the estate, and the power conferred upon them by statute. They stand as trustees for the creditors (Laws of 1858, chap. 314, § 1), and for their benefit, may disaffirm and treat as void any transfer or agreement made in fraud of the rights of any creditor interested in any property or right belonging to the estate they represent. (Id.) The same act confers like power upon assignees for the benefit of creditors, and in favor of such a one we held that he had greater power to seek for and reclaim property fraudulently conveyed than the creditor himself, for "the creditor can assert no right until by judgment and execution he has a lien, or a right to a lien, upon the specific property, but in favor of an assignee for his benefit the legislature have substituted a statutory right in place of these conditions."

(*Reynolds* v. *Ellis*, 103 N. Y. 115.)   The same construction applies here.   But the administrators do not avail themselves of the power given to them by statute.   It was their right and duty to do so.   They have been applied to and refuse. Is the creditor, therefore, without a remedy?   Clearly not. Upon the face of the complaint it is apparent that the administratrix has an interest adverse to the creditors of the estate. They call for property which she claims to own in her own right, and which she refuses to apply upon the debts of her intestate.   These circumstances require an exception to be made to the general rule which forbids an estate or its management to be be taken from the hands of those lawfully entrusted with it.   For it is equally well settled that where such parties are either in collusion with one holding property alleged to have been fraudulently transferred, or where, as in this case, it is actually claimed by them, or the trustee unreasonably refuses to sue, the creditors or other persons interested may themselves bring an action for, or reclaim the property fraudulently transferred, making the transferees and the trustee parties. (1 Story's Eq. Jur. § 243; *Dewey* v. *Moyer*, 72 N. Y. 70; *Bate* v. *Graham*, 11 id. 237; *In re Cornell*, 110 id. 351; *Ft. Stanwix Bk.* v. *Leggett*, 51 id. 552.)   In such a case the creditor stands in the place of the trustee, and it is immaterial that he is not a judgment-creditor.   The relation he sustains to the estate entitles him to payment in common and in just proportion with other creditors, and a judgment would give neither lien, property, nor other advantage.   Nothing more is sought in this action.

*Lichtenberg* v. *Herdtfelder* (103 N. Y. 302), cited by the respondent, was of a different character, and the course suggested by the learned judge who delivered the opinion in that case, is not inconsistent with that adopted in the one at bar.   It is unnecessary to say what course would be open if the administrator doubted the justice of the claim presented, or the sufficiency of evidence to overthrow the alleged fraudulent conveyance.   In the first case the creditor might not unreasonably be required to establish

his demands in one of the modes provided by law, and in the other, before involving the estate in litigation, the adminstrator could require indemnity. Neither question arises here. The complaint was dismissed on the sole ground that the plaintiff was not a judgment-creditor. In this there was error.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.