Learned, P. J.
This is an action brought by the administrator of Thomas Miller, deceased, to set aside a deed made by plaintiff’s intestate to Harriet Davis and others as fraudulent as against creditors of the deceased. The action is brought under the well known statute, chap. 314, Laws of 1858. That statute authorizes an administrator to take a position of hostility to the estate of the deceased, and to act in behalf of creditors of the deceased and thus to maintain an action which could not have been maintained by the deceased himself. It is a familiar doctrine that if a man makes a conveyance which is fraudulent as to creditors he caimot maintain an action to set it aside. Having been a party to the fraud he cannot recover back what he ’ has fraudulently parted with. Nor probably could the administrator have done this prior to the statute. A creditor might, and may still. And the statute has not taken away his right. But it has allowed the admin *855 istrator to act for the creditor and thus to assume a position hostile to the rights of the deceased, whom he was appointed to represent.
One of the defendants and grantees in the deed from the deceased was called in behalf of herself and of her co-defendants and testified to a conversation had by her with the grantor, plaintiff’s intestate. Her testimony among other things related to the physical .condition of the grantor and to statements made by him relative to the transaction.
This was duly objected to under § 829 and an exception to its admission was duly taken.
Under the literal language of the section the witness was not competent to testify to these matters. But the spirit of this section is that a party shall not testify to a personal transaction with a deceased person against the interest of such deceased person's estate represented by the administrator. And the reason is that the deceased person cannot, in answer to the witness, give his own version of the transaction. It would therefore be unjust to permit the surviving party to the transaction to testify to his side of the case when death had closed the mouth of his opponent But in this action it is the administrator who is acting for a creditor, and for such creditor the administrator is attacking the act of the deceased. On the contrary, the witness is testifying in support of such act and is therefore defending the deceased and supporting his act.
If the creditor of the deceased had brought this action it is plain that the witness would have been competent to testify to the matters in question. The administrator is only the instrument of the creditor, while nominally representing the deceased. The real contest is between the creditor and the defendants. And as between them the witness should be competent To exclude the testimony is to give effect to the letter of the section without considering its spirit and intent.
Let us suppose that the grantee had paid the deceased $5,000 as consideration for the deed. If a creditor of the deceased had sought to set aside the deed as fraudulent, the grantee could have testified to his payment But the creditor instead of bringing the action, induces the administrator to be the plaintiff. Still the creditor is the real party in interest But if the letter of the section is to be followed, the grantee is shut off from a defense to which probably no one else could testify.
The prayer of the complaint is that the land be sold for the satisfaction of plaintiff’s debt For the plaintiff is himself the creditor, although in his complaint he complains in behalf of himself, and “ any other creditors there may be. But he alleges that he has advertised for claims and none have been presented, and he believes there are none but himself. This, then, is really an action of his own as creditor. If he should as creditor request himself as administrator to sue, and if as administrator he should refuse, then he could sue as creditor; as settled in Harvey v. McDonnell, 113 N. Y., 526; 23 N. Y. State Rep., 501. And as the result of the action, if successful, would be only to pay the plaintiff as creditor, evidently the administrator has no real interest That he *856 is the nominal party should not deprive the defendants of their testimony.
It has already been found necessary to limit the letter of similar sections by consideration of the spirit and of the evil they were intended to prevent.
We think that this case presents another instance not foreseen by the legislature, in which the section would be perverted to injustice if the letter were to prevail, instead of the spirit. When we ask “ against ” whom, in the word of the section, did the witness testify, we must answer against a creditor who derived no title or interest from, through or under the deceased.
Judgment affirmed, with costs.
Laptdopt, J., concurs.