JOHN W. TRUESDELL, as Administrator, etc., of JOHN FITZGERALD, Deceased, Respondent, v. HANNIE L. BOURKE, as Executrix, etc., of WILLIAM J. BOURKE, Deceased, Appellant.

*Action under chapter 314 of 1858 to recover money of a decedent held by a third person in fraud of creditors.*

Under the broad and comprehensive provisions of chapter 314 of the Laws of 1858 an action is maintainable to recover money which came into the hands of a third person in fraud of the creditors of a decedent, and if, while the money was thus in the hands of such person, it was demanded of him by the executor of the decedent on that ground, and he refused to give up the same, a recovery of such money by the executor will be sustained.

APPEAL by the defendant, Hannie L. Bourke, as executrix, etc., of William J. Bourke, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 17th day of January, 1894, upon the verdict of a jury rendered after a trial at the Onondaga Circuit, and also from an order entered in said clerk's office on the 20th day of January, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Jenney & Marshall*, for the appellant.

*William Kennedy*, for the respondent.

MARTIN, J. :

The statute under which this action was brought provides :

"SECTION 1. That any executor, administrator, receiver, assignee, or other trustee of an estate, or the property and effects of an insolvent estate, corporation, association, partnership or individual, may, for the benefit of creditors or others interested in the estate or property so held in trust, disaffirm, treat as void, and resist all acts done, transfers and agreements made in fraud of the rights of any creditor, including themselves and others, interested in any estate or property held by or of right belonging to any such trustee or estate.

"§ 2. That every person who shall, in fraud of the rights of creditors and others, have received, taken, or in any manner interfered with the estate, property or effects of any deceased person,

or insolvent corporation, association, partnership or individual, shall be liable in the proper action to the executors, administrators, receivers or other trustees of such estate or property for the same, or the value of any property or effects so received or taken, and for all damages caused by such acts to any such trust estate." (Laws 1858, chap. 314.)

This action was brought by the plaintiff as administrator of the estate of John Fitzgerald, deceased, to recover the sum of $1,000, with interest, which the plaintiff claimed belonged to the estate of the intestate, and was received and taken by William J. Bourke in fraud of the rights of the creditors of the estate of John Fitzgerald, deceased.

The plaintiff's intestate died at the city of Syracuse on the 28th day of February, 1882. At the time of his death he was, and for a long time had been, hopelessly insolvent, and his debts were many times greater in amount than the total assets which came into the hands of the administrator. After the death of John Fitzgerald, William J. Bourke, who was a Roman Catholic priest and pastor of the decedent, obtained through the hands of Kate Fitzgerald, a niece of the plaintiff's intestate, the sum of $1,000, which belonged to the estate of the plaintiff's intestate, and which Father Bourke testified the decedent had promised to give him to help build a school building for the church over which he presided.

The evidence introduced by the defendant tended to show that this money was received by Father Bourke as pastor or agent of the Church of St. John the Baptist to aid in building a charity school, and that he deposited it in his own name in the Syracuse Savings Bank. The evidence also tended to show that soon after the death of John Fitzgerald, a package which contained some of the property owned by the plaintiff's intestate at the time of his death was secretly sent to the house of Father Bourke, presumably by Kate Fitzgerald, and that it was afterwards taken away by some girl unknown to him; and that after the death of the plaintiff's intestate, Father Bourke stated to a witness called by the plaintiff that he had received this $1,000, but that it was a question whether or not he could keep it.

Subsequent to the commencement of this action, and before the trial, Father Bourke died, leaving a last will and testament, in which

the defendant was named as his executrix, who was substituted as a party to this action. His will contained the following clause : "There is also deposited in the Syracuse Savings Bank the sum of one thousand dollars, which belonged to the Sacred Heart school under the supervision of the Sisters of St. Joseph, unless a judgment is rendered against me or my estate in the action pending in favor of John W. Truesdell, as administrator of the goods, chattels and credits of John Fitzgerald, in which event I direct said money to be applied in satisfaction of said judgment."

A careful examination of all the evidence contained in the appeal book has led us to the conclusion that, although it was meager, owing to the fact that all the parties to the transaction had died before the trial, yet it was sufficient to justify the court in submitting to the jury the questions whether the $1,000 received by Father Bourke was received in fraud of the creditors of the plaintiff's intestate, and whether the sum thus received was in his custody or under his control in that it was deposited in his name in the Syracuse Savings Bank at the time of the demand made by the plaintiff. We think the provisions of Father Bourke's will, with the other evidence in the case, were sufficient to justify the jury in finding that the $1,000 deposited in the Syracuse Savings Bank at the time of the demand was the property or the avails of it received from the estate of the plaintiff's intestate, and that the money was received by him in fraud of the creditors of John Fitzgerald. If this money came into the hands of Father Bourke in fraud of the creditors of John Fitzgerald, or if, while it was in his possession or under his control, it was demanded by the plaintiff on that ground, and he refused to give it up, we think it could be recovered under the provisions of the statute of 1858. That statute is broad and comprehensive and sufficient, we think, to authorize and uphold the recovery herein. (*Barton* v. *Hosner*, 24 Hun, 467 ; *Lichtenberg* v. *Herdtfelder*, 103 N. Y. 302 ; *Harvey* v. *McDonnell*, 113 id. 526 ; *National Bank* v. *Levy*, 127 id. 549.)

On the trial the defendant offered to prove by Rhoda Mara, one of the members of Father Bourke's church, that after the $1,000 in question was received by him, he stated from the altar that he had received that sum from John Fitzgerald. This evidence was

excluded. The same fact was offered to be proved by reading the cross-examination of James F. Keefe, who was sworn as a witness upon a former trial, and that evidence was also excluded. To these rulings the defendant excepted. It appeared from the offered evidence of James F. Keefe that this statement was made three or four months after the death of Fitzgerald. As it was not, therefore, any part of the *res gestœ*, we think it was at most a mere declaration by the defendant's testator in his own favor, that it was inadmissible, and that the exceptions to these rulings were not well taken.

We have examined the other exceptions to the admission and rejection of evidence, and to the judge's charge, but have found none that would justify us in disturbing the judgment, or that need be specially discussed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.