PER CURIAM.
—Judgment affirmed, with costs, on the opinion of PARKER, J., with leave to amend upon payment of costs of the demurrer and of the appeal.
The opinion of Mr. Justice PARKER at special term is as follows:
By chapter 487 of the Laws of 1889 it is substantially provided that a creditor of a deceased insolvent debtor may, fur the benefit of himself and other creditors interested in the estate of deceased, maintain an action to set aside any transfer or conveyance made by said deceased debtor in fraud of his creditors, and that it shall not be necessary for the creditor so suing to have previously obtained a judgment upon his claim or demand. And prior to that act, when the executor or administrator of such a deceased debtor was a party to the fraud, a creditor might maintain such an action without having first obtained a judgment, upon his claim. Harvey v. McDonnell, 113 N. Y. 526; 23 St. Rep. 501. The complaint avers, in substance, that plaintiff has a debt against the estate of Horace B. Stetson, deceased, of about $800; that Stetson died insolvent; that before his death he fraudulently transferred most of his property to the defendant Lizzie W. Chase, with intent to defraud his creditors; that by his will Lizzie W. Chase was appointed his executrix; that she has qualified and is now acting as such, and that she claims the property so transferred to her as'her own, and refuses to treat it as assets of the estate; that deceased left no other property with which to-pay his debts; and that he left not only the .plaintiff, but numerous other creditors, who are thereby defrauded out of their debts. He asks that such transfer be adjudged fraudulent and void, and that the property be applied to the payment of all creditors of deceased, in due course of administration. Those averments evidently bring the case within the statute and authority above cited, and the objection, therefore, that the complaint does not state facts sufficient to constitute a cause of action is not well taken. Such a plaintiff does not have to be a judgment creditor.
Such a defendant is made a party, not only personally, as a fraudulent assignee, but also in her capacity as an executrix; and it is objected that in the latter character this court has no jurisdiction over her. In her character as executrix, she represents the estate of the fraudulent assignor, and for that reason is a proper party to this action. She is not proceeded against as an executrix, not properly administering the estate, and judgment is not asked against her in that character and on such ground. There are not two causes of action set forth in the complaint. The claim is a single one,—that deceased fraudulently transferred to her all his property ; and that, therefore, both parties to that fraudulent transfer (so far as can be, viz. she as assignee, and she as executrix representing such assignor) are brought into court, in an action to set that transfer aside, and dispose of the property so transferred. Evidently, both the assignee and the representative of the assignor should be before the court; and the objection, therefore, that there is an improper joinder of actions. *733 and that she as executrix is not properly in court, are not well taken. The averment in the complaint does not show that Olney L. Stiles, has any interest in the property so fraudulent transferred, or that he claims any interest, and therefore it does not appear that lie is a necessary party to this action.
None of the grounds of the demurrer seem to be well taken, and it must therefore be overruled, with costs to the plaintiff. An order may be entered to that effect, with leave, however, to the defendant, to answer within twenty days after service of a copy of such order upon her attorney.