CAMPBELL v. HEILAND et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. FRAUDULENT CONVEYANCES—RIGHT OF CREDITOR TO SET ASIDE WHERE EX-
ECUTOR OF FRAUDULENT GRANTOR REFUSES.

Decedent transferred a bond and mortgage to defendant in fraud of
plaintiff, and subsequently died insolvent. Plaintiff requested defendant's
executor to bring an action to set aside the assignment as a fraud on
plaintiff and other creditors, to adjudge the debt due, and to stay the
mortgagor from paying the debt to the fraudulent assignee or dealing with
the security, and to determine that the security and debt were part of
the decedent's estate. The executor refused. *Held*, that plaintiff was
entitled to bring the action in behalf of himself and all other creditors.

2. PLEADING—EFFECT OF DEMURRER—ALLEGATION OF INSOLVENCY—CONCLU-
SIONS.

An allegation in a petition that a party is wholly insolvent and unable
to pay his debts is a conclusion of fact which is admitted by a demurrer.

3. INSOLVENT ESTATES—RIGHTS OF CREDITORS—PREFERENCE.

An action by a creditor to have an assignment of a debt made by a de-
cedent set aside as in fraud of creditors, which asked judgment that the
assignment be set aside as fraudulent to all the creditors, and that the
debt form a part of the estate, does not seek to give plaintiff a preference
in the assets of the estate over other creditors.

4. APPEAL—PARTIES—MISJOINDER—DEMURRER.

Where the question of nonjoinder or misjoinder of parties is not raised
by a demurrer, it will not be considered on appeal from a judgment over-
ruling such demurrer.

5. FRAUDULENT CONVEYANCES—ACTION BY CREDITOR OF GRANTOR—JUDGMENT.

In an action by a creditor to set aside as fraudulent an assignment of a
mortgage by a decedent, a judgment authorizing the referee to pay
plaintiff the full amount of the debt assigned is error, where there is no
proof that there are no other creditors of the estate, since the funds recov-
ered should be for the common benefit of all creditors.

Appeal from special term, Queens county.

Action by Thomas C. Campbell, on behalf of himself and all other
creditors of Orlando E. Bradford, deceased, against Annie E. Heil-
and, impleaded with others. From a judgment in favor of plaintiff
against defendant Heiland on an order overruling her demurrer to
the complaint as not stating a cause of action, defendants appeal.
Modified and affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-
BERG, and JENKS, JJ.

Chas. G. F. Wahle, for appellants.
W. B. Yeomans, for respondent.

JENKS, J. The demurrer admits the following facts: The plain-
tiff and his partners had a cause of action against one Bradford
for $3,500 for their work, labor, and services intervening August
31, 1895, and October 9, 1896. This claim was assigned to plaintiff
in May, 1899. In May, 1894, Bradford lent to defendant Heiland
$2,500, secured by her bond and mortgage executed in May, 1897,
which mortgage debt is past due and is wholly unpaid. Bradford
assigned the bond and mortgage to defendant Scott in 1898. Such
assignment was without consideration. Bradford's debt to plaintiff,

ever since 1895, has been $4,000. Scott knew of this debt at the time of this said assignment. Bradford was insolvent when he made such assignment, which was a fraud worked by him and his assignee, defendant Scott. Bradford died insolvent, and left defendant Currier his executor. The plaintiff requested defendant Currier, as executor, to bring this action, offering to pay his expenses, to guaranty him against loss, and to furnish proof, but Currier refused. No other action has been brought on the bond and mortgage. The plaintiff sues Heiland, Scott, and Currier as executor, and prays judgment to set aside the bond and mortgage as a fraud on plaintiff and on all other creditors, to adjudge the debt due, to stay Heiland from paying the debt, Scott from receiving it, and both from dealing with the security, and to determine that the security and the debt is a part of the estate of said Bradford. I think that this action can be sustained by the authority of Harvey v. McDonnell, 113 N. Y. 526, 21 N. E. 695. The principle that permits the plaintiff to sue is based upon the substantial necessity that some one should proceed to collect the assets of the estate. The executor stands as the trustee for the creditors (Babcock v. Booth, 2 Hill, 181, 186; Harvey v. McDonnell, supra); and, if he be indifferent, recalcitrant, or hostile, the creditor takes his place (Crouse v. Frothingham, 97 N. Y. 105; Spelman v. Freedman, 130 N. Y. 421, 29 N. E. 765; Ettlinger v. Carpet Co., 142 N. Y. 189, 36 N. E. 1055).

It is further contended that the allegation that Bradford was wholly insolvent, and unable to pay his debts, is a conclusion, and that a demurrer does not admit a legal conclusion. It is true that insolvency is a conclusion, but it is a conclusion of fact drawn from certain other facts. But it is properly pleaded, for the alternative would be to plead the evidence, which is never required. In Bank v. Baker, 148 N. Y. 581, 583, 42 N. E. 1077, 1078, Vann, J., says that the allegation was that Baker "died insolvent, and during his lifetime he had transferred to his wife," etc., and approves the pleading. An examination of the record in the court of appeals shows that the allegation in the complaint was "that the said Baker, as plaintiff is informed and believes, departed this life on the 24th day of November, 1894, being then insolvent." See, too, Wait, Fraud. Conv. § 143, and cases cited; Brown v. Bank (C. C.) 34 Fed. 776; Thorp v. Monro, 47 Hun, 246; Evansville Public-Hall Co. v. Bank of Commerce (Ind. Sup.) 42 N. E. 1097.

Lichtenberg v. Herdtfelder, 103 N. Y. 302, 8 N. E. 526, is not an authority against this action. The right to maintain the action in that case was denied for the reason that, if plaintiff had judgment, he would, as a result, without having any lien on the real estate, have a satisfaction of his claim in preference to the other creditors, whereas the law impounds the estate for the benefit of all, and does not award preference for vigilance. The court distinguishes Lichtenberg v. Herdtfelder, supra, in Harvey v. McDonnell, supra. The prayer here is inconsistent with the theory of preference, inasmuch as the judgment demanded is that the assignment be set aside as fraudulent to all of the creditors, and that the debt form a part of the estate. The question of nonjoinder or mis-

joinder of parties is not raised by the demurrer, and, being not so raised, it is, of course, not before us. Dodge v. Colby, 108 N. Y. 445, 452, 15 N. E. 703.

We think, however, that the judgment as entered is erroneous. As the theory of the action is that the plaintiff stands in the shoes of the inert executor, the action is not authorized to gain a preference, but to recover the debts for the estate; and all that the plaintiff would be entitled to is a cancellation of the fraudulent assignment, a recovery of the mortgage debt, and a pro rata distribution for the common benefit of all creditors. Harvey v. McDonnell, 113 N. Y. 531, 21 N. E. 695; Crouse v. Frothingham, 97 N. Y. 113. Therefore the judgment should not authorize the referee to pay to the plaintiff the full amount of the defendant Heiland's debt to the estate, in the absence of proof that there are no other creditors of the estate, but should be so amended (Smith v. Rathbun, 88 N. Y. 660) as to provide for a pro rata distribution to all of the creditors entitled to share therein.

Judgment modified in accordance with opinion of Jenks, J., and as modified affirmed, without costs of this appeal to either party. All concur.