### EDMONDSON v. HAMILTON.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

FRAUDULENT CONVEYANCES—BURDEN OF PROOF.
    The burden is on one having alleged a fraud in the execution of a conveyance to prove the facts from which the inference of fraud is to be deduced.

Appeal from special term, Kings county.

Suit by Hannah Edmondson, who sues as well for herself as for the benefit of other creditors of Henry Hamilton, deceased, against Josephine Hamilton, individually and as administratrix of the estate of

Henry Hamilton, deceased.   From a judgment for defendant, plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

E. G. Bullard (Waldo E. Bullard, on the brief), for appellant.

Martin E. Halpin, for respondent.

WOODWARD, J.   The attention of this court is directed to much good law by the appellant, but the difficulty is that the learned court below has found as a matter of fact that "the plaintiff herein has wholly failed to establish the allegations contained in her complaint herein, and has wholly failed to prove that the chattel mortgage mentioned and described in complaint herein was made with the intent to cheat or defraud the plaintiff or the creditors of Henry Hamilton." If the plaintiff, who seeks to have a certain chattel mortgage declared null and void as against herself and other creditors, has "wholly failed to establish the allegations contained in her complaint," there is no way of avoiding the conclusion of law that the complaint should be dismissed upon the merits.   It is not material to consider what the law would be under any given state of facts.   The question is, what facts, if any, has the plaintiff established?   Until she has produced evidence to support the allegations of her complaint, she has failed to bring herself within any of the rules of equity or law, for there are no presumptions in favor of her contentions of fraud.   Having alleged fraud, the burden is upon her to prove the facts from which the inference of fraud is to be deduced.   So far from doing this, the court has found "that said chattel mortgage mentioned in complaint herein was not made with the intent or for the purpose of cheating or defrauding the creditors of Henry Hamilton, now deceased, but that the same is a bona fide and valid chattel mortgage."   In the case of Campbell v. Heiland, 55 App. Div. 95, 66 N. Y. Supp. 1116, which the appellant alleges is "on all fours with the one at bar," a demurrer was interposed in which the facts were presumed to be as pleaded, and, the facts being conceded, there was no doubt of the right to maintain the action; but in the case at bar the questions of fact have been tried by the court, and the plaintiff has "wholly failed to establish the allegations in her complaint," which presents the case in quite a different light. While it is true that the plaintiff has failed to allege that defendant's intestate was insolvent at the time of the transaction, it may be conceded that this defect might be remedied by conforming the pleadings to the proof, if there was proof, that such was the fact, and the action might be maintained.   But, where the plaintiff has wholly failed to establish the facts, it is idle to contend that the court has erred in dismissing the complaint.   We find no evidence in the case sufficient to disturb the findings of fact.   Without the facts as alleged in the complaint, the plaintiff has failed to sustain the cause of action set forth, and has no standing on this appeal.   To attempt to give a cause of action where no facts are established by the plaintiff sufficient to found a judgment upon, is an absurdity; and, without questioning that the plaintiff would have a right to recover under her pleadings, she cannot prevail upon this appeal without showing that the court

has erred in its conclusion as to the facts. We think the evidence does not support her allegations of fraud, and that the court at special term has correctly disposed of the case.

The judgment appealed from should be affirmed, with costs. All concur.