Leave to a creditor of an intestate to issue execution against his property as a foundation for creditor's suit to reach property fraudulently transferred by the intestate will not be granted, nor an intermediate accounting ordered to determine the amount of the execution, where there is no allegation in the application that there are assets now in the hands of the administrator.

In the matter of the estate of Horace K. Thurber, deceased, application to issue execution as foundation of a creditors' suit to reach property alleged to have been fraudulently transferred denied.

Hastings & Gleason, for petitioner.

THOMAS, S. There are claims to the extent of upwards of $1,000,000 of the same class as that of the petitioner. The petitioner is only entitled to an execution for the collection of his just proportion of the assets of the estate. Code Civ. Proc. § 1826. An intermediate accounting might be ordered for the purpose of ascertaining the amount for which the petitioner is entitled to have execution. Id. § 2725. The avowed purpose of the application is to issue an execution as a foundation for a creditors' suit to reach property alleged to have been fraudulently transferred, and it is not alleged that there are assets now in the hands of the administrator. The remedy of the petitioner in the supreme court may exist without the issuance of any execution (Harvey v. McDonnell, 113 N. Y. 526, 21 N. E. 695), but this I do not determine. I will not direct an intermediate accounting on the papers before me, for the reason that sufficient facts do not appear to require the exercise of my discretionary power to do so. Application denied, without prejudice to another application on papers showing that assets are in the hands of the administrator.

Application denied, without prejudice to another application.